Whitaker, Judge,
delivered the opinion of the court:
On June 30, 1932, the plaintiff was a retired officer of the United States Navy entitled to retired pay at the rate of $2,160 a year. He was also a civil service employee, holding the position of chief laundryman at the United States Naval Academy, and drawing a salary of $2,000 a year. On this date Congress passed the Economy Act (47 Stat. 382). Section 212 (a) thereof provides:
After the date of the enactment of this Act, no person holding a civilian office or position, appointive or elective, under the United States Government or the municipal government of the District of Columbia or under any corporation, the majority of the stock of which is owned by the United States, shall be entitled, during the period of siuch incumbency, to retired pay from the United States for or on account of services as a commissioned officer in any of the services mentioned in the Pay Adjustment Act of 1922 (U. S. C., title 37), at a rate in excess of an amount which when combined' with the annual rate of compensation from such civilian-office or position, makes the total rate from both sources more than $3,000; * * *
Immediately after the passage of this Act, on July 1, 1932, the plaintiff was placed on indefinite furlough. Subsequently he was reemployed as manager of the laundry, but was paid not from appropriations to defray the expenses of the laundry, but from a fund known as the Naval Academy Laundry Fund. This fund was made up from amounts received from officers and instructors for laundry service *158 rendered by thei Naval Academy laundry and from deductions from the pay and allowances of midshipmen for laundry service furnished.
The question presented is whether or not the plaintiff after the date of his employment as manager of the laundry to be paid from this Naval Academy Laundry Fund was a “person holding a civilian office or position, * * * under the United States Government.”
It was admitted on the argument that the Naval Academy laundry had been built and equipped by the United States Government for the purpose of furnishing laundry service to the officers, midshipmen, and employees at the Naval Academy. It was supported in part by appropriated funds, and in part from funds derived from charges made for laundry service furnished officers, midshipmen, and employees. It was a government facility owned and operated by the United States Government, and the plaintiff, although not paid from appropriated funds, was paid from a fund belonging to the United States Government, derived from money collected for services rendered by this facility of the United States Government. Under such facts we think there can be no doubt that plaintiff was a “person holding a civilian office or position * * * under the United States Government.”
The fact that the Superintendent of the Naval Academy stated that non-civil-service employees of the laundry, of which plaintiff was one, were not protected by the United States Compensation Law and that they were not entitled to the civil service retirement benefits and the fact that the General Accounting Office had not asked for an accounting to it of the accounts of the Naval Academy Laundry Fund is not controlling. We think it clear that the funds were funds of the United States and that the plaintiff having been paid therefrom was a person holding a civilian position under the United States Government.
It results that plaintiff is not entitled to recover. His petition will, therefore, be dismissed. It is so ordered.
Littleton, Judge; Green, Judge; and Whaley, Chief Justice, concur.